ISMAEL ARCHILLA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1110. Submitted November 2, 1942.—Decided November 18, 1942.

*Angel Rivera Colón* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

A deed evidencing the judicial sale of two farms, which was executed on July 9, 1941, by the Marshal of the Munici-

pal Court of Vega Baja in favor of Ismael Archilla, was presented in the Registry of Property of San Juan, Second Section, for recording. The registrar denied record on the ground that the farms appeared recorded in favor of Pedro Camacho, married to María de Santiago Crespo, and it did not appear from the document that Camachos' death had been alleged and proved.

Feeling aggrieved, Archilla interposed this administrative appeal. He contends that Camacho's death appears from the documents filed with the registrar and that, since the court that decreed the sale thought that it had been proved, the registrar can not substitute his decision for that of the court. To sustain his contention, he cites among others, the decision of this court in *Ramírez* v. *Registrar of Property*, 16 P.R.R. 330, in which it was established that—

"Article 18 of the Mortgage Law grants registrars the power to classify, under their responsibility, the documents issued by judicial authorities, for the sole purpose of admitting, suspending or refusing their record or entry; but such power does not authorize them to examine the grounds of judicial decisions, nor to base, upon the opinion they may form of the legality of such grounds, the denial of any record or entry, although it is permissible for them to consider whether or not they have been rendered by a court of competent jurisdiction and in the proper action,. . . ."

This citation sets forth the law now in force, but in order to decide the question involved herein, we must consider that the sale in question was not decreed by a court of general jurisdiction, but rather by a court of limited jurisdiction.

Referring to this latter type of courts it was said in *Vázquez* v. *Registrar of Property*, 19 P.R.R. 1074–1076, as follows:

"Hitherto in the case of *Carbonell* v. *The Registrar*, 16 P.R.R. 419, we decided, where a judgment was obtained by default and a sale made thereunder, that a registrar was justified in refusing a

record of a deed where there was no showing of how the default was obtained. There the court took occasion to say that the notary could have shown what the judgment failed to do, namely, the manner in which such default was obtained.

"In the appeal before us, while not a case of a judgment by default, there is no showing of how the municipal court obtained jurisdiction to render judgment against the defendants, nor is there a copy of the judgment in the deed or anything to show that there was a trial or that the defendants submitted. There is no presumption in favor of the judgments of municipal courts as they are not courts of record. *Golpin* v. *Page*, 98 Wallace, 365, 366; *Hahn* v. *Kelly*, 34 Cal., 391; 94 Am. Dec., 742; *McDonald* v. *Prescott*, 90 Am. Dec., 517, 519. Where a judgment is obtained in a court of limited jurisdiction and a title is sought, as here, against all the world, the person seeking to record his title is bound to show, not only the execution sale, but that the marshal had the power to make such sale. Such showing does not flow, in the case of a municipal court, from the mere exhibition of the writ of execution, nor yet of the judgment, but the jurisdiction of the court to render such judgment must likewise be demonstrated. In other words, in the specific case before us it must be shown that jurisdiction was obtained over the persons of the defendants.

"In making a deed, therefore, from the marshal to the purchaser the notary should generally recite the judgment and show that the municipal court had jurisdiction to render it. The deed failing to show such jurisdiction the facts should be shown *aliunde* perhaps by a certificate from the secretary of the municipal court."

Such being the situation, let us determine whether or not the jurisdiction of the municipal court appears from the document presented at the registry.

Said document to which we have made prior reference, is the deed executed by the Marshal of the Municipal Court of Vega Baja before Notary Public Angel Rivera Colón on July 9, 1942 at Vega Baja, P. R., in favor of Ismael Archilla.

In the deed the notary states, by virtue of the statements of the parties, that Archilla as plaintiff filed an action of debt in the Municipal Court of Ciales against María Santiago Crespo and the unknown heirs of Pedro Camacho, and that the summons, as copied, was issued.

50

The summons is addressed to the defendants and it reads as folows:

"You are hereby notified that there has been filed in the office of- the Secretary of the Municipal Court for the judicial municipal district of Ciales, P. R., the complaint of the plaintiff hereinbefore mentioned, in which it is alleged that while Pedro Camacho was married to defendant María Santiago Crespo he signed and delivered in favor of the plaintiff, about two years prior to his death, a promissory note for $400 which was given to him by the plaintiff as a loan and which note matures on June 30, 1936; that said note has not been satisfied in whole or in part, notwithstanding the several claims made by plaintiff . . ."

The notary goes on to state that on the back of the summons the following certification of service appears:

"I, Santos Otero, do solemnly swear that I am 34 years of age and that I am not a party nor do I have any interest in this matter; that I received this summons on August 15, 1940, and that I personally served it on August 15, 1940, upon María Santiago Crespo, the defendant mentioned in the summons, delivering said complaint (sic) and leaving with her personally at her residence in this ward (barrio) of Cieneguetas of Vega Alta, a copy of said summons, a true and certified copy of the complaint in the suit mentioned in said summons, having certified under my signature on the back of the summons the place and date of its delivery and service; that I was unable to serve any of the heirs of Pedro Camacho because they are unknown, for he does not have any children, parents nor brothers who are known, notwithstanding the investigations and steps taken with his widow and the neighbors of said ward."

There follows on the deed some conclusions of the notary with respect to what appears from the suit—without stating that he has it before him—relative to securing the effectiveness of a judgment and to the summoning of unknown heirs through edicts, and he then transcribes the judgment of the municipal court, which in its pertinent part reads as follows:

"This case was on this date called for trial and only the plaintiff appeared represented by his attorney, who told the court that

he was ready. Defendants were duly served and are now in default, as appears from the note of default made by the Secretary. The plaintiff submitted his evidence. From the documentary evidence and the testimony offered at the trial it appears that while Pedro Camacho was married to María Santiago Crespo he signed and delivered in favor of the plaintiff a promissory note for $400 having June 30, 1936, as its maturity date, and that the same was not made in consideration of mercantile acts and that said amount has not been paid. Therefore, this court enters judgment against María Santiago Crespo and the unknown heirs of Pedro Camacho; namely, the widow, who is the defendant hereinbefore mentioned, and his assumed heirs John Doe and Richard Roe, ordering them to pay to plaintiff Ismael Archilla Silva the amount of $400, legal interests from this date, and costs. Given in open court at Ciales, P. R. this 29th day of April, 1941. (Signed) Luis Martorell, Municipal Judge.''

The notary again cites, on his own and by virtue of the information of the parties—it does not show that he had before him any authentic document at all—that it appears from the record that the judgment was notified, without saying why, to Mrs. Santiago, and through edicts to the unknown heirs of Camacho, and that upon plaintiff's petition the court issued the order of execution which he transcribes addressed to the Marshal of the Municipal Court of Vega Baja, who states that in compliance with the same he sold at auction and to the highest bidder after publication of the edicts, the two farms that had been attached, drawing up the certificate which is transcribed and from which it appears that there were adjudicated to plaintiff a 32 acre (*cuerdas*) farm for $200 and a 48-acre (*cuerdas*) farm for another $200—both farms located in the ward (*barrio*) of Cieneguetas, which belongs to the Municipality of Vega Alta. Said farms are the ones recorded in the registry in favor of Pedro Camacho, husband of María Crespo.

After examining these facts in the light of what was held in *Vázquez* v. *Registrar of Property, supra,* we are of the opinion that the decision of the registrar must be affirmed.

It could be said that Camachos' death implicitly appears from the contents of the deed, but it does not appear that said death was formally alleged and proved in the suit, rather, it was taken for granted and used as a point of departure.

And if such is the case, how can the jurisdiction of the court to enter judgment against his heirs be admitted as proved by such vague reference, and without appearing from the deed that they were really summoned as provided by law, unless we accept as incontrovertible what was said by the parties or the conclusion reached by the notary relative to this matter?

Perhaps everything that was done was legal, notwithstanding the fact that the sale of eighty acres (*cuerdas*) of land for $400, that is, at $5, per acre (*cuerda*), is shocking; perhaps the widow did not want or could not defend herself; perhaps it is true that Camacho contracted the debt and did not satisfy it before he died; perhaps there are no heirs who could be prejudiced, but it can not be denied that all this does not appear from the document with due clearness and precision.

Therefore, not only was the registrar justified, but also he has fulfilled his duty in requiring a more complete verification of the fact that the Marshal acted with authority in making the sale in the name of the true and real owner and according to the entry relative to the farms here in question. The appeal must be dismissed and the decision of the registrar affirmed.